UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| CATHERINE MACK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| HOUSE OF HOPE OF THE PEE DEE, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought to remedy discrimination and harassment on the basis of race and disability in the terms, conditions and privileges of employment, and to remedy retaliation against an employee for engaging in protected activity, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* (*"*Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12112(a) *et seq*. ("ADA") . This Court has jurisdiction of this matter under 42 U.S.C. §2000e-5(f) and under 28 U.S.C. §§1331 and 1343(4). This action is also brought to remedy claims of Intentional Infliction of Emotional Distress or Outrage and Negligent Retention and Supervision against Defendant Hope of Hope of the Pee Dee.

1. Plaintiff is an African American female citizen of the United States and a resident of Florence County, South Carolina.

2. Defendant, House of Hope of the Pee Dee is a non profit organization, incorporated and/or organized in South Carolina, with headquarters located at 470 West Evans Street, Florence County, South Carolina.

1

3. Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b) and 42 U.S.C. §12111 5(A).

4. While employed with Defendant, Plaintiff became disabled, suffering from a back injuries after a work place fall, and an injured ankle after a fall at home, both disabilities under the Americans with Disabilities Act Amendments Act (ADAAA) and/or ADA.

5. On or about July 24, 2013, the Equal Employment Opportunity Commission, issued Plaintiff a notice informing her of her right to sue defendant; and Plaintiff has exhausted all administrative remedies with respect to EEOC Charge No. 14C-2012-00856.

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3).

7. At all times complained of, Plaintiff, Catherine Mack, was employed with House of Hope of the Pee Dee working at the Mission Mart as a full - time sorter.

8. Throughout the course of her employment, Plaintiff was discriminated and/or harassed or retaliated against in ways, which included but are not limited to the following:

   A. Defendant failed to take proper action after Plaintiff's workplace fall by failing to complete paperwork and by Defendant informing Plaintiff that the fall was "not that serious".

   B. Defendant representative Jane Tuttle created a hostile work environment for Plaintiff by reprimanding Plaintiff for contacting an attorney regarding her

        workplace injury, by asking other staff to report to her all of Plaintiff's actions, by having another employee named Yvette make false claims about Plaintiff's work performance, and, by forcing Plaintiff to take a drug test.

C. Defendant failed to provide Plaintiff with proper accommodations under the ADA, as Lisa James informed Plaintiff around May 1, 2012, that Plaintiff could no longer sit down and work as a sorter, because Jane Tuttle would no longer honor Plaintiff's medical restrictions.

D. Defendant gave false information to the South Carolina Department of Workforce as a retaliatory action to hinder Plaintiff from receiving unemployment benefits, stating that Plaintiff was terminated for being unproductive, unreliable and gossiping.

E. Defendant replaced Plaintiff with a white female.

F. Defendant treated non disabled employees better than Plaintiff by issuing less reprimands for misconduct; and, Defendant treated white employees better than Plaintiff by issuing less discipline and by giving them Plaintiff's job.

G. Plaintiff is aware of other employees who were hurt on the job who were released from employment.

9. Plaintiff complained of unfair treatment, and after complaining, Plaintiff began to suffer the effects of having complained about the harassment, such as the conduct listed above (false accusations of Yvette, being reprimanded for minor offenses, being terminated for false allegations).

10. As a result of the acts of discrimination within Defendant's employment practices and work environment, Plaintiff has suffered a hostile work environment and emotional harm.

12. Defendant's acts of discrimination within Defendant's employment practices and work environment against Plaintiff regarding her complaint of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

## COUNT I (TITLE VII VIOLATIONS)

13. The foregoing actions of Defendant discriminated against Plaintiff because of her race and retaliated against Plaintiff because of her complaints of discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

## COUNT II (ADA VIOLATIONS)

14. The foregoing actions of Defendant discriminated against Plaintiff because of her disability and retaliated against Plaintiff because of her complaints of failure to accommodate in violation of Americans with Disabilities Acts of 1990, as amended, 42 U.S.C. §§12112(a) et seq. ("ADA").

## COUNT III (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR OUTRAGE)

15. Defendant, through the extreme and outrageous conduct of its agent(s), intentionally or recklessly inflicted severe emotional distress upon Plaintiff.

16. Defendant's actions of using rude and insulting language and failing to protect Plaintiff from other employees amounted to conduct so extreme and outrageous as to exceed all possible bounds of decency.

17. Defendant's above referenced actions caused emotional distress on Plaintiff, so severe that no reasonable person would be expected to endure.

### COUNT IV (NEGLIGENT RETENTION AND SUPERVISION)

18. Defendant, through its Board of Directors, had a duty to exercise reasonable care in the hiring and supervision of its Director, Managers, and employees.

19. Defendant was aware, or should have been aware, of the harassing behavior of its agents toward Plaintiff while Plaintiff was performing her job duties at the job site; and Defendant failed to remediate the situation.

20. Defendant's failure to respond to Plaintiff's complaints, or assess the environment in which Plaintiff worked, breached its duty of reasonable care and control and Plaintiff suffered physical and emotional harm.

### COUNT V( WRONGFUL TERMINATION )

21. Defendant, through its agents, terminated Plaintiff, for fabricated reasons, in retaliation for her attempting to file a workers compensation claim, and in retaliation for request for accommodation under ADA.

22. Defendant, through its agents, attempted to induce Plaintiff's separation by obtaining false claims from co-workers, by reprimanding Plaintiff for contacting an attorney, and by failing to accommodate Plaintiff while at work.

23.  Defendant's action of terminating Plaintiff based on false claims and with knowledge of tortious acts of extreme and outrageous conduct of Ms. Tuttle to cause Plaintiff's termination, is wrongful termination in violation of public policy.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.  Award Plaintiff, under Title VII and ADA, reinstatement, back pay, and other compensatory and punitive damages in an amount to be determined by a jury;

B.  Award Plaintiff, under 42 U.S.C. 2000e-5(k), 42 U.S.C. §12205 and 42 U.S.C. §12117, reasonable attorney fees and costs of this action; and,

C.  Award Plaintiff such other and further relief as this Court deems just and proper.

                              WUKELA LAW FIRM

                          By:   s/ Pheobe A. Clark
                              **Pheobe A. Clark**
                              Federal ID No. 9888
                              Post Office Box 13057
                              Florence, SC   29504-3057
                              Phone: (843) 669-5634
                              Fax:    (843) 669-5150

October 22, 2013

6