IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Catherine P. Mack,<br><br>       Plaintiff,<br><br>vs.<br><br>House of Hope of the Pee Dee,<br><br>       Defendant.<br>_____ | Civil Action No.: 4:13-2887-BHH<br><br>**ORDER AND OPINION** |

On October 22, 2013, the plaintiff Catherine P. Mack ("the plaintiff") filed this action against House of Hope of the Pee Dee ("the defendant"), alleging claims against her former employer for discrimination, retaliation and a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq* ("Title VII"), and failure to accommodate, retaliation and a hostile work environment, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* She further alleges state law claims for intentional infliction of emotional distress, negligent retention and supervision, and wrongful termination.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of pretrial matters. The magistrate judge prepared a thorough Report and Recommendation which recommends that the defendant's motion for summary judgment be denied as to the plaintiff's retaliation claim under the ADA, but granted in all other respects. (ECF No. 34.) The defendant filed timely objections to the Report and Recommendation (ECF No. 35), the plaintiff filed a reply (ECF No. 36), and the defendant filed a sur reply (ECF No. 41). For the reasons set forth herein, this Court

adopts the Report and Recommendation and defendant's motion for summary judgment is DENIED only as to the plaintiff's retaliation claim under the ADA, but granted in all other respects.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. The plaintiff filed this matter on October 22, 2013, alleging discrimination, retaliation and hostile work environment related to her employment. (ECF No. 1.)  On July 11, 2014, the defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 22.)  After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 24) and the defendant's reply (ECF No. 25), the magistrate judge issued a Report and Recommendation recommending that this case proceed on plaintiff's retaliation claim under the ADA and that the defendant's motion for summary judgment be granted in all other respects. (ECF No. 34.)

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or may recommit the matter to the magistrate judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The defendant has objected to the magistrate judge's (1) recommendation that the plaintiff's alleged activity is protected under the ADA and (2) alleged failure to "but for" causation at all. (ECF No. 35.)  The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The defendant first contends that the magistrate judge improperly considered the plaintiff's having hired a worker's compensation attorney and requesting assistance with worker's compensation as protected activity under the ADA.  As the plaintiff responds, however, the magistrate judge expressly identified the plaintiff's having "request[ed] an accommodation" as a protected activity.  (R. at 15.)  In reply, the defendant claims the plaintiff is changing her story and that she has testified only about her having retained a workers' compensation attorney.  (Pl. Dep. at 31-32.)  The defendant is welcome to impeach her for it.  There is no legal deficiency in the case she has pled and created now at summary judgment or the magistrate judge's recommendation.

Lastly, relying on *Staley v. Gruenberg*, 575 Fed. Appx. 153 (4th Cir. 2014),  the defendant argues that the plaintiff never came forward with evidence that the above protected activities were the "but for" cause of her termination.  Very respectfully, the defendant did not raise this issue in its motion. The causation argument does not appear in the original memorandum. (ECF. No. 22.)  And, then in the most cursory way, the defendant refers to the argument in the penultimate sentence of the section on retaliation in its reply. (ECF No. 24 at 6.)  The defendant has leave to file a renewed motion on the

argument, as necessary, but the Court would request caution in doing so. The undersigned is dubious of the argument's effectiveness under the circumstances.

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the undersigned adopts the Report and Recommendation and incorporates it herein by specific reference to the extent consistent.

It is, therefore, ORDERED that the defendant's Motion for Summary Judgment (ECF No. 22) is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
March 17, 2015